J-S61036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES SWINT, | |
| Appellant | No. 369 EDA 2017 |

Appeal from the Judgment of Sentence December 20, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos.: CP-46-CR-0005663-2012
CP-46-CR-0006651-2012

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                FILED NOVEMBER 27, 2017

Appellant, Charles Swint, appeals from the judgment of sentence imposed following his entry of guilty pleas in these consolidated cases,[1] to attempted voluntary manslaughter[2] and numerous related offenses.  Counsel for Appellant has petitioned to withdraw on the ground that his issues on appeal are wholly frivolous.[3]  We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court consolidated the cases upon the Commonwealth's motion by order entered November 16, 2012.

[2] 18 Pa.C.S.A. § 901(a).

[3] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

We take the relevant facts and procedural history of this matter from the trial court's March 16, 2017, opinion and our independent review of the certified record.

[Appellant] entered an open guilty plea on June 2, 2016, in the case indexed at 6651-12 to one count each of attempted voluntary manslaughter, aggravated assault causing serious bodily injury, theft by unlawful taking, criminal mischief and possession of an instrument of a crime, and two counts of recklessly endangering another person. In the case indexed at 5663-12, [Appellant] entered an open guilty plea to two counts of simple assault and one count of harassment.

While the parties were not able at the time to negotiate a sentence, they indicated their understanding that the bottom end of an aggregated standard-range sentence for the case indexed at 6651-12, if the cases were run consecutively, could be between approximately 11 and 16 years of incarceration. The parties also noted their understanding that any sentence on the case indexed at 5663-12 would be a time-served, concurrent sentence.

[Appellant] admitted as part of his plea in the case indexed at 5663-12, that on or about June 6, 2012, in Montgomery County, he caused bodily injury to Sarah Gallagher. He admitted as part of the plea in the case indexed at 6651-12 that on or about July 6, 2012, in Montgomery County, he stabbed Sarah Gallagher multiple times, using multiple knives, causing her serious bodily injury. He then took a vehicle without permission and drove it in a reckless manner, resulting in a motor vehicle accident that endangered Jessica Wall and Michael Skates and caused Wall to suffer property damage.

More than five months after the open guilty plea, and approximately two weeks before the scheduled sentencing hearing, [Appellant] filed a counseled motion to withdraw his open guilty pleas. The motion alleged that [Appellant] believed that he faced a possible aggregate minimum sentence of 11 years, not up to 16 years. When the parties next appeared in court, however, they announced they had reached a negotiated sentence and [Appellant] confirmed that he did not want to withdraw his guilty pleas. [The trial] court sentenced [Appellant] to the negotiated

sentence, which included an aggregate prison term of 12 to 36 years.

[Appellant] did not file a post-sentence motion. . . .

(Trial Court Opinion, 3/16/17, at 1-2) (record citations omitted).

Appellant filed a *pro se* notice of appeal, despite his representation by counsel, which was entered on the docket on January 23, 2017.[4] Pursuant to the trial court's order, Appellant filed a counseled, timely, concise statement of errors complained of on appeal on February 2, 2017. **See** Pa.R.A.P. 1925(b). The court entered an opinion on March 16, 2017. **See** Pa.R.A.P. 1925(a).

_____

[4] The deadline for filing a timely notice of appeal was January 19, 2017, thirty days after the court sentenced Appellant. **See** Pa.R.A.P. 903(a). However, it is well-settled that, "in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted).

Here, Appellant's notice of appeal, accompanying cover letter, and attached "verification" document, are dated January 16, 2017, which supports a conclusion that he timely filed this appeal under the prisoner mailbox rule. Although the envelope containing the notice of appeal is postmarked January 20, 2017, there is nothing of record demonstrating that Appellant did not place the document in the hands of prison authorities on January 16, 2017, or shortly thereafter. Under these circumstances, we give Appellant the benefit of the doubt, and treat his appeal as timely filed pursuant to the prisoner mailbox rule.

We further note that, although Appellant filed his notice of appeal *pro se* while represented by counsel, that fact does not deprive us of jurisdiction to review his claims. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding that this Court is required to docket and honor *pro se* notices of appeal filed by represented criminal defendants, despite prohibition on hybrid representation).

On May 4, 2017, counsel for Appellant filed an **Anders** brief and a petition to withdraw, stating his belief that there are no non-frivolous issues to raise on appeal. (**See** Petition to Withdraw as Counsel, 5/04/17, at unnumbered page 2 ¶ 12). Counsel submitted to this Court a copy of his letter to Appellant, enclosing a copy of the **Anders** brief. (**See** Letter from Patrick J. McMenamin, Jr., Esq. to Appellant, 5/03/17). Appellant filed a *pro se* response, raising claims of ineffective assistance of counsel. (**See** *pro se* "**Anders** Brief," 6/23/17, at unnumbered pages 1-3).

Before we begin our substantive analysis, we must first review defense counsel's **Anders** brief and motion to withdraw.

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, [**supra**] at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

*Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015) (quotation marks and some citations omitted). "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

Here, counsel has complied with the *Anders* and *Santiago* requirements. He has submitted a brief that summarizes the procedural and factual history of the case; refers to anything that might arguably support the appeal; and sets forth his reasoning and conclusion that the appeal is frivolous. (*See Anders* Brief at 1–11). He has filed a petition for leave to withdraw as counsel, sent Appellant a letter advising him that he found no non-frivolous issues, provided Appellant with a copy of the *Anders* brief, and notified him of his right to retain new counsel or proceed *pro se*. Because counsel has fulfilled the *Anders*/*Santiago* requirements, we will address the issues raised in the *Anders* brief.

The brief raises the following issues for our review:[5]

> [1]. Did the [trial] court err by denying Appellant's pre-sentence motion to withdraw his guilty plea, or in the alternative, by not deciding the motion at all?

_____

[5] We take these questions from the body of the *Anders* brief and Appellant's Rule 1925(b) statement, because counsel failed to set forth any substantive issues in the statement of the questions involved. (*See Anders* Brief, at v).

- 5 -

[2.] Did the [trial] court abuse its discretion in sentencing Appellant to an aggregate sentence of not less than 12 nor more than 36 years?

(**Anders** Brief, at 5, 7) (unnecessary capitalization omitted); (**see also** Rule 1925(b) Statement, 2/02/17, at ¶¶ 1-2).[6]

Appellant first argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea, or in the alternative, by failing to rule on it at all. (**See Anders** Brief, at 5-6). This claim is belied by the record.

We begin by noting the following applicable principles:

The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion.

Pa.R.Crim.P. 591(A) provides that, in its discretion, a trial court may grant a motion for the withdrawal of a *nolo contendere* or guilty plea at any time before the imposition of sentence. . . .

**Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 23 (Pa. Super. 2017) (case citation and quotation marks omitted).

Here, the record reflects that the trial court did not deny or otherwise rule on Appellant's presentence motion to withdraw his guilty plea because Appellant **withdrew** it. At the sentencing hearing, the following exchanges took place:

---

[6] The Commonwealth has submitted a letter to this Court in lieu of a brief, stating its belief that there is no merit to this appeal and Appellant's judgment of sentence should be affirmed. (**See** Commonwealth Letter, 5/08/17).

THE COURT: . . . [Appellant], you heard the terms of this plea agreement. Are you in agreement with it?

[Appellant]: Yes, I am, Your Honor.

THE COURT: And you are ready to be sentenced?

[Appellant]: Yes, I am.

*     *     *

[Defense Counsel]: . . . [Y]ou also filed a motion to withdraw your guilty plea; is that correct?

[Appellant]: Yes.

[Defense Counsel]: And you understand that by pleading today and having an agreement, essentially you are withdrawing that motion to withdraw your guilty plea?

[Appellant]: I do not want to withdraw my guilty plea.

[Defense Counsel]: And you are sure about that decision?

[Appellant]: Yes, I am.

[Defense Counsel]: We have had time to discuss that?

[Appellant]: Yes. It is time to, like I said, hold myself accountable for what I have done. And I don't want to cause any more hurt or pain to anybody. Today is the day. I just want to finalize everything.

[Defense Counsel]: Okay. No one has forced, threatened or coerced you to withdraw . . . that form that you filed to withdraw your guilty plea?

[Appellant]: No, nobody forced me.

(N.T. Sentencing, 12/20/16, at 6, 12-13).

Thus, it is clear from the record that Appellant abandoned his motion to withdraw his guilty plea, and that there was no longer a motion before the

court to decide. Therefore, his claim that the court abused its discretion in denying it, or in failing to rule on it, is plainly frivolous.

Appellant next challenges the discretionary aspects of his negotiated sentence, arguing that the trial court failed to place adequate reasons for the aggregate sentence on the record. (**See Anders** Brief, at 7). This claim also fails.

It is well-settled that "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). Therefore, Appellant's challenge to the discretionary aspects of his negotiated sentence is not reviewable. **See id.**

Moreover, even if Appellant had the right to raise such claim, he failed to object to his sentence during sentencing or file a post-sentence motion. Thus, he preserved no sentencing issue for our review. **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (stating that in order to preserve challenge to discretionary aspects of sentence, an appellant must raise issue at sentencing or in post-sentence motion). In fact, Appellant stated his agreement with the terms of the negotiated sentence on the record. (**See** N.T. Sentencing, at 3, 5-6, 54). Accordingly, any challenge to the discretionary aspects of his sentence is frivolous. Furthermore, after independent review, we determine that there

are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **Lilley**, **supra** at 998.[7]

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2017

---

[7] We dismiss Appellant's *pro se* ineffective assistance of counsel claims (**see** *pro se* "**Anders** Brief," 6/23/17, at unnumbered pages 1-3) without prejudice, should he decide to include them in a timely-filed petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. **See Commonwealth v. Stollar**, 84 A.3d 635, 652 (Pa. 2014), *cert. denied*, 134 S.Ct. 1798 (2014).